IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GENE VALENCIA,

    Plaintiff,

vs.                                                  No. CIV 06-1259 JB/RHS

COLORADO CASUALTY INSURANCE
COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Conduct Motion Hearing on November 19, 2007, by Telephone for All Parties, filed November 15, 2007 (Doc. 107)("Plaintiff's Motion").[1] The Court held a telephonic hearing on the motion on November 20, 2007. The primary issues are: (i) whether the Court should require all counsel to attend the motion hearing set for November 21, 2007 by telephone; and (ii) whether, alternatively, the Court should permit Plaintiff Gene Valencia's counsel to attend the scheduled hearing by telephone. Because the Court will permit counsel to attend the motion hearing by telephone, but will not require such attendance, the Court will grant the motion in part and deny the motion in part.

## PROCEDURAL BACKGROUND

Valencia submits his Motion To Conduct Motion Hearing on November 19, 2007, by Telephone For All Parties, asking the Court to require all parties to conduct the hearing by telephone. See Plaintiff's Motion, ¶ 3 at 1. Valencia makes the request in the interest of equity and

---

[1] The Court changed the November 19, 2007 hearing to November 21, 2007 subsequent to Plaintiff Gene Valencia's filing of his Motion because Judge Browning needed to be in Las Cruces, New Mexico on November 19, 2007 to conduct criminal proceedings.

justice, because neither of his counsel live or work in Albuquerque. See id. In the alternative, Valencia requests that the Court permit him to attend the motion hearing by telephone. See id. ¶ 4, at 1.

At the hearing on November 20, 2007, Valencia's counsel stated that he wanted to ensure that his inability to appear in person at the November 21, 2007 hearing would not put him at an unfair disadvantage before the Court.[2] Colorado Casualty's counsel indicated to the Court that it was his preference to appear in person for the November 21, 2007 hearing. The Court assured both parties that there would be no unfair advantage or disadvantage for either party regardless of their choice to appear by telephone or in person for the November 21, 2007 hearing or any subsequent non-evidentiary hearing.

## **ANALYSIS**

One of the benefits of our legal system is that, once a client hires an attorney, the client can unload the burden of worrying about so many details of the litigation on his or her lawyer's shoulders, and begin to move on with life. On the other hand, those many worries are what make the practice of litigation so difficult and for the few. While Judge Browning, as a lawyer, shared the same concerns that Valencia's counsel has, and drove great distances in New Mexico on occasions to be present in person for court proceedings, after over four years on the bench, the Court is not convinced that such concern has much, if any, justification. While this job can be isolating and it is always nice to see counsel and others, the Court is usually much more preoccupied with trying to get the decision right, looking at the materials and notes on the bench, and listening to counsel than

---

[2]Because of the last-minute scheduling of the November 20, 2007 hearing, the hearing was recorded on tape rather than by written transcript. The Court is, therefore, unable to provide pinpoint citations to the dialogue at the hearing.

it is with noticing who is speaking in person or who is on the telephone.

**IT IS ORDERED** that the Plaintiff's Motion to Conduct Motion Hearing on November 19, 2007, By Telephone For All Parties is granted in part and denied in part. The Plaintiff's counsel may attend the motion hearing set for November 21, 2007 by telephone, but the Court will not require the Defendant's counsel to attend by telephone. The Defendant's counsel may attend by telephone or in person.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Michael R. Huffaker
The Law Offices of Michael R. Huffaker, P.C.
Farmington, New Mexico

--and–

William Babich
The Law Firm of William Babich, LLC
Denver, Colorado

    *Attorneys for the Plaintiff*

Seth L. Sparks
Wade L. Jackson
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

    *Attorneys for the Defendant*