**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

EUGENE VALENCIA,

        Plaintiff,

vs.                                                                                                        No. CIV 06-1259 JB/RHS

COLORADO CASUALTY INSURANCE
COMPANY, a Colorado corporation,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) Gayle McCanna's Motion for Protective Order and to Quash Subpoena Duces Tecum, filed November 5, 2007 (Doc. 90); (ii) Claudia Lanius' Motion for Protective Order and to Quash Subpoena Duces Tecum, filed November 5, 2007 (Doc. 92); (iii) Rebbecca MacIntyre's Motion for Protective Order and to Quash Subpoena Duces Tecum, filed November 6, 2007 (Doc. 95); (iv) Rebbecca MacIntyre's Motion for Protective Order and to Quash Subpoena Duces Tecum, filed November 6, 2007 (Doc. 97); (v) Errata, filed November 7, 2007 (Doc. 99)[1]; (vi) Wade Jackson's Motion for Protective Order and to Quash Subpoena Duces Tecum, filed November 7, 2007 (Doc. 100); (vii) Scott Lasater's Motion for Protective Order and to Quash Subpoena Duces Tecum, filed November 7, 2007 (Doc. 102); and (viii) the Plaintiff's

---

[1] Colorado Casualty gave notice that it erroneously filed two copies of Rebbecca MacIntyre's Motion for Protective Order and to Quash Subpoena Duces Tecum rather than one copy of Ms. MacIntyre's motion and one copy of Defendant Colorado Casualty Insurance Company's motion. See Errata, filed November 7, 2007 (Doc. 99). Colorado Casualty, therefore attached a copy of Defendant Colorado Casualty Insurance Company's motion to its Errata. For the purpose of this Memorandum Opinion and Order, the Court will treat the two duplicate motions for Ms. MacIntyre as one motion.

Combined Motion to Compel and Response to the Defendant's Motions for Protective Orders and to Quash, filed November 14, 2007 (Doc. 106). The Court held a hearing on the motions on November 21, 2007. For the reasons stated at the hearing, and for additional reasons herein consistent with those stated at the hearing, the Court will grant in part Defendant Colorado Casualty Insurance Company's motions for protective order for the depositions of McCanna, Lanius, MacIntyre, and Colorado Casualty's representative, but will not quash the subpoenas duces tecum served on them; will grant the motions as to Jackson and Lasater; and will deny Plaintiff Eugene Valencia's motion to compel without prejudice to Valencia's ability to reset these depositions at the mutual convenience of the parties. Valencia's counsel may reset the depositions of the attorneys only after he has shown (i) no alternative means exist to obtain the information sought; (ii) the information sought is relevant and not privileged; and (iii) the information sought is crucial to the preparation of the case.

**PROCEDURAL BACKGROUND**

Colorado Casualty filed Motions for Protective Order and to Quash Subpoena Duces Tecum for Gayle McCanna, Claudia Lanius, Rebbecca MacIntyre, Colorado Casualty, Wade Jackson, and Scott Lasater. See Gayle McCanna's Motion for Protective Order and to Quash Subpoena Duces Tecum, filed November 5, 2007 (Doc. 90)("McCanna's Motion"); Claudia Lanius' Motion for Protective Order and to Quash Subpoena Duces Tecum, filed November 5, 2007 (Doc. 92)("Lanius' Motion"); Rebbecca MacIntyre's Motion for Protective Order and to Quash Subpoena Duces Tecum, filed November 6, 2007 (Doc. 95)("MacIntyre's Motion"); Errata, filed November 7, 2007 (Doc. 99)("Colorado Casualty's Motion"); Wade Jackson's Motion for Protective Order and to Quash Subpoena Duces Tecum, filed November 7, 2007 (Doc. 100)("Jackson's Motion"); Scott

Lasater's Motion for Protective Order and to Quash Subpoena Duces Tecum, filed November 7, 2007 (Doc. 102)("Lasater's Motion"). Colorado Casualty argues that Valencia's counsel did not act in accordance with District of New Mexico Local Rule 30.1 by failing to confer in good faith regarding the scheduling of the depositions and by failing to provide service of notice of deposition fourteen calendar days before the scheduled deposition. See McCanna's Motion; Lanius' Motion; MacIntyre's Motion; Colorado Casualty's Motion; Jackson's Motion; Lasater's Motion. Colorado Casualty also argues that Plaintiff's counsel failed to act in accordance with 45(c)(1) of the Federal Rules of Civil Procedure by not taking reasonable steps to avoid imposing an undue burden on the witnesses in the issuance of the subpoenas. See McCanna's Motion; Lanius' Motion; MacIntyre's Motion; Colorado Casualty's Motion; Jackson's Motion and ; Lasater's Motion. With regard to the motions regarding Mr. Jackson and Mr. Lasater, Colorado Casualty also argues that because Mr. Jackson is its trial attorney and Mr. Lasater was its coverage counsel, Valencia's counsel will try to elicit privileged information during their depositions. See Jackson's Motion at 3; Lasater's Motion at 3.

On November 14, 2007 Valencia filed a Combined Motion to Compel and Response to Defendant's Motions for Protective Orders and to Quash (Doc. 106). In his motion, Valencia requested: (i) that the Court grant his motion to compel the depositions of Colorado Casualty's representatives, including Mr. Jackson and Mr. Lasater; (ii) that the Court compel the attendance of Mr. Jackson to a deposition in the Denver metropolitan area; (iii) that the scope of the examination of Mr. Lasater include the subject matter of his letter dated May 11, 2006; (iv) that the Court deny Colorado Casualty's motions for protective orders and to quash subpoenas; and (v) for such further and other relief the Court deems just and proper. See Combined Motion to Compel and

Response to Defendant's Motions for Protective Orders and to Quash at 4.

## LAW REGARDING DEPOSITIONS

The local rules for the United States District Court for the District of New Mexico require a fourteen-day notice for depositions. See D.N.M.LR-Civ. 30.1. Valencia did not comply with that requirement. Accordingly, protective orders are in order.

**1.     Local Rules.**

According to the United States Court of Appeals for the Tenth Circuit, the Court's local rules have the force of law. See Smith v. Ford Motor Co., 626 F.2d 784, 796 (10th Cir. 1980)(quoting Woods Constr. Co. v. Atlas Chem. Indus., Inc., 337 F.2d 888, 890 (10th Cir. 1964)). "[L]ocal rules of practice, as adopted by the district court, 'have the force and effect of law, and are binding upon the parties and the court which promulgated them until they are changed in [an] appropriate manner.'" Smith v. Ford Motor Co., 626 F.2d at 796 (quoting Woods Constr. Co. v. Atlas Chem. Indus., Inc., 337 F.2d at 890). "[A]lthough district judges must follow local rules when adherence furthers the policies underlying the rules, they have discretion in applying and interpreting local rules." Hernandez v. George, 793 F.2d 264, 267 (10th Cir. 1986).

The Court's local rules require fourteen-days notice for a deposition. "Service of notice of deposition in accordance with Fed. R. Civ. P. 30(b) must be made at least fourteen (14) calendar days before the scheduled deposition." D.N.M.LR-Civ. 30.1.

**2.     Federal Rules of Civil Procedure.**

(c) Protecting a Person Subject to a Subpoena.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction -- which may include lost

earnings and reasonable attorney's fees -- on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(c)(1).

## LAW REGARDING PROTECTIVE ORDERS

The Federal Rules of Civil Procedure must be "construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. "Federal district courts have broad discretion over discovery." Morales v. E.D. Etnyre & Co., 229 F.R.D. 661, 662 (D.N.M. 2005)(Browning, J.). A court shall limit discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. The court may act upon its own initiative after reasonable notice or pursuant to a motion under Rule 26(c).

Fed. R. Civ. P. 26(b)(2)(C). District courts may also issue a protective order if "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). See Miller v. Regents of the Univ. of Colo., 188 F.3d 518 (Table), No. 98-1012, 1999 WL 506520 *11-12 (10th Cir. July 19, 1999) ("The district court is in the best position to weigh these variables because, unlike an appellate court, the district court has the ability to view firsthand the progression of the case, the litigants, and the impact of discovery on parties and nonparties.").

As the Honorable Martha Vazquez, Chief United States District Judge, stated in Heuser v. Johnson, 189 F.Supp.2d 1250, 1269 (D.N.M. 2001), "a District Court may limit discovery if 'the burden or expense of the proposed discovery outweighs its likely benefit.'" Id. at 1269 (quoting Fed.

R. Civ. P. 26(b)(2)(iii)). "It is the party seeking the protective order who has the burden to show good cause for a protective order." Velasquez v. Frontier Medical Inc., 229 F.R.D. 197, 200 (D.N.M. 2005). The party seeking the protective order "must submit a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Id. (quoting Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981)). See Securities and Exchange Commission v. Dowdell, 144 Fed.Appx. 716, 722-23 (10th Cir. 2005) (noting that a third party normally may not move for a rule 26(c) protective order if it is not a party to the underlying action, has not intervened, and is not the party from whom discovery is sought). "Rule 26(c) expressly limits who may move for a protective order to parties or the person from whom discovery is sought." Id. at 722.

## **RULE 26 AND DEPOSITIONS OF COUNSEL**

Discovery under rule 26 of the Federal Rules of Civil Procedure is liberal, allowing parties the right to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). This principle of broad discovery is intended to allow the parties to learn as much as they can about each other's claims and defenses before trial. See Herbert v. Lando, 441 U.S. 153, 177 (1979)("The Court has more than once declared that the deposition-discovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials."). The federal discovery rules are a reflection of the courts' and Congress' recognition that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." Hickman v. Taylor, 329 U.S. 495, 507 (1947).

In managing discovery, however, rule 26(c) provides that the court, upon a showing of good cause, "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The Tenth Circuit

has explained that "[r]ule 26(c) is broader in scope than the attorney work product rule, attorney-client privilege and other evidentiary privileges because it is designed to prevent discovery from causing annoyance, embarrassment, oppression, undue burden or expense not just to protect confidential communications." Boughton v. Cotter Corp., 65 F.3d 823, 829-30 (10th Cir.1995). Moreover, the Tenth Circuit has acknowledged special problems that arise when a party attempts to depose the opposing party's attorney. See id. As the United States Court of Appeals for the Eighth Circuit stated in Shelton v. American Motors Corp.:

> Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation. It is not hard to imagine additional pretrial delays to resolve work-product and attorney-client objections, as well as delays to resolve collateral issues raised by the attorney's testimony. Finally, the practice of deposing opposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent. Moreover, the "chilling effect" that such practice will have on the truthful communications from the client to the attorney is obvious.

805 F.3d 1323, 1327 (8th Cir. 1986).

The law therefore permits trial courts to issue protective orders pursuant to rule 26(c) that bar depositions of opposing counsel. In Boughton v. Cotter Corp., 65 F.3d 823 (10th Cir. 1995), the Tenth Circuit adopted a three-prong test to be used in analyzing whether a party can take opposing counsel's deposition. See Archuleta v. City of Santa Fe, No. 04-0247, 2005 WL 3662903 (D.N.M., Aug. 10, 2005)(citing Boughton v. Cotter Corp. 65 F.3d at 829-30.) In the Tenth Circuit, courts may issue such protective orders when any one or more of those prongs are not met. See Archuleta v. City of Santa Fe (citing Boughton v. Cotter Corp. 65 F.3d at 830 ("[O]rdinarily the trial court . . . has the discretion under Rule 26(c) to issue a protective order against the deposition of opposing counsel when any one or more of the three . . . criteria for deposition listed above are *not* met.");

Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1112 (10th Cir. 2001).

The first prong of the Boughton v. Cotter Corp. factors is that "no other means exist to obtain the information than to depose opposing counsel." Boughton v. Cotter Corp., 65 F.3d at 829 (citing Shelton v. Am. Motors Corp., 805 F.2d at 1327); EEOC v. Roswell Radio, Inc., 06-0253, 2007 WL 2305521 at, *3 (D.N.M., June 12, 2007). The second prong is that "the information sought is relevant and nonprivileged." Boughton v. Cotter Corp., 65 F.3d at 829; EEOC v. Roswell Radio, Inc., 2007 WL 2305521 at, *3. The third and final prong is that "the information is crucial to the preparation of the case." Boughton v. Cotter Corp., 65 F.3d at 829; EEOC v. Roswell Radio, Inc., 2007 WL 2305521 at, *3. The party seeking to take the deposition of opposing counsel bears the burden of establishing that the three factors are satisfied. See Boughton v. Cotter Corp., 65 F.3d at 831 n.10.

## LOCATION OF RULE 30(b)(6) DEPOSITIONS

"Because the Plaintiff has greater influence over the choice of forum, courts are more willing to protect the defendant from having to come to the forum for the taking of his or her deposition than they are in the case of plaintiffs." O'Sullivan v. Rivera, 229 F.R.D. 187, 189 (D.N.M. 2004) (Browning, J.). In O'Sullivan v. Rivera, neither the defendant nor his trucking company maintained a residence in New Mexico. See id. at 188. The plaintiff believed that he was entitled to take that defendant's deposition at his counsel's office in Albuquerque, New Mexico, despite the defendant's representation that it would be a severe financial hardship. See id. The Court held that the plaintiff was not entitled to take an out-of-state defendant's deposition in New Mexico under those facts and circumstances. See id. at 189. "Generally, if the deponent lives a great distance from the deposing party, then the deposition takes place near the location of the out-of-state deponent." Id. at 189

(citing Metrex Research Corp. v. United States, 151 F.R.D. 122, 125 (D.Colo. 1993)). Unless there are "exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party." O'Sullivan v. Rivera, 229 F.R.D. at 189. See Ice Corp. v. Hamilton Sundstrand Corp., No. 05-4135-JAR, 2007 WL 1500311 at, * 4 (D. Kan. May 21, 2007) (Sebelius, M.J.)(internal quotations omitted)(holding that "[a]n initial presumption exists that a defendant should be examined at his residence or the principle place of business" that can be overcome by "a showing that factors of cost, convenience, and efficiency weigh in favor of a different location."); Tequila Centinela, S.A. de C.V. v. Bacardi & Co. Ltd., 242 F.R.D. 1, 5-6 (D.D.C. 2007) (stating that, "[a]s a general policy, the Court encourages parties to set depositions in mutually agreeable locations."); Schindler Elevator Corp. v. Otis Elevator Co., No. 06 Civ. 5377 (CM)(THK), 2007 WL 1771509 at * 8 (S.D.N.Y. June 18, 2007) (Katz, J.) (noting that "the decision as to the location of the deposition lies within the discretion of the Court."). Thus, when the plaintiff sets the deposition of a corporate defendant's employee, the employee is entitled to have his deposition taken at his residence or where he works. See Magnus Electronics v. Masco Corp. of Indiana, 871 F.2d 626, 630 (7th Cir. 1989) (noting that, "[a]s a general rule, the deposition of a corporation by its agents and officers should be taken at its principal place of business.")(internal quotations omitted). This rule also applies to 30(b)(6) deposition of the corporate defendant. See McDougal-Wilson v. Goodyear Tire & Rubber Co., 232 F.R.D. 246, 249 (E.D.N.C. 2005) (holding that, "[a]lthough the plaintiff correctly notes that the court has the power to permit a Rule 30(b)(6) deposition to take place at a place other than the corporation's principal place of business, the plaintiff has failed to overcome the presumption that

-9-

the deposition of a corporation should take place at the corporation's principal place of business."); Starlight Int'l Inc. v. Herlihy, 186 F.R.D. 626, 644 (D.Kan. 1999)("The burden to show the principal place of business for purposes of locating a deposition rests with the party seeking protection to relocate the deposition."). County Council of Northampton County v. SHL Systemhouse Corp., No. CIV A. 98-0088, 1999 WL 269918 at, *2 (E.D. Pa. Apr. 20, 1999)(Rueter, M.J.)("The deposition of a corporate agent or officer should ordinarily be held at the principal place of business.").

## ANALYSIS

At the November 21, 2007 hearing the Court made oral rulings and gave oral orders to both of the parties regarding the motions before the Court. Because the orders were numerous and specific, the Court believes it is important to issue this written memorandum opinion and order to serve as a reference for both parties to ensure compliance with the orders and provide clarity for the parties. In sum, the Court will grant the motions for protective orders, but will allow Valencia to re-set the depositions of the fact witnesses at a mutually convenient time for all parties and counsel.

**I.     THE COURT WILL GRANT COLORADO CASUALTY'S MOTIONS FOR PROTECTIVE ORDERS BUT WILL QUASH ONLY SOME OF THE SUBPOENAS DUCES TECUM.**

As the Court indicated at the November 21, 2007 hearing, the Court believes that it is proper to grant all of the Defendant's motions for protective order, because Valencia failed to confer in good faith regarding the scheduling of the notice and failed to provide service of notice of deposition fourteen calendar days before the scheduled deposition as required by the District of New Mexico Local Rules. See D.N.M.LR-Civ 30.1. Additionally, Valencia's counsel failed to take reasonable steps to avoid imposing undue burden on the people subject to the subpoenas. See Fed. R. Civ. P. 45. Because Valencia failed to follow the rules imposed on the scheduling of a deposition and

issuing of a subpoena, the Court grants all of the Defendant's motions for protective order.

The Court will not, however, quash all the subpoenas duces tecum. For the reasons stated below, the Court will quash the subpoenas duces tecum of the attorneys. The Court will not, however, quash the subpoenas duces tecum for the other witnesses, because those depositions still need to take place. Those subpoenas will remain in place, and Valencia need only send out new notices of the rescheduled depositions.

In regards to the depositions of the attorneys, Mr. Lasater and Mr. Jackson, the Court notes that, in addition to failing to comply with the local rules and the federal rules of civil procedure, Valencia's counsel failed to satisfy the three prongs set out by the Tenth Circuit that must be met for a party to depose the opposing party's attorney. See Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1112 (10th Cir.2001). Because special problems arise when a party attempts to depose the opposing party's attorney, it is necessary to limit deposition of counsel to situations that meet the three-prong test that the Tenth Circuit has set out. See Thiessen v. Gen. Elec. Capital Corp., 267 F.3d at 1112 (citing Shelton v. Am. Motors Corp., 805 F.2d at 1327)(noting that the deposition of opposing counsel is limited to circumstances where: (i) no alternative means exist to obtain the information sought; (ii) the information sought is relevant and not privileged; and (iii) the information sought is crucial to the preparation of the case). Valencia's counsel has not made the appropriate showings to permit him to depose the attorneys.

The Court does not believe that Valencia can adequately make the determinations that the three-prong test requires at this point in the litigation. See Transcript of Hearing at 28:10-13, (taken

-11-

Nov. 21)("Tr.")(Court)[2]. Valencia is not able to show that no alternative means exist to obtain the information sought from the attorneys because Valencia has not yet deposed several of the principal witnesses. And to satisfy the second prong of the test, Valencia must state what information he expects to receive from the lawyer, how that information will be relevant in this case, and why that information is not privileged information. See Tr. at 28:14-20 (Court). Valencia's counsel cannot satisfy the second prong by saying generally that he wants to explore certain topics. See Tr. at 28:15-17 (Court). And finally, to satisfy the third prong, Valencia must prove that the information is crucial to the preparation of the case. See Tr. at 28:25-29:2 (Court).

Because Valencia's counsel has not made these showings, the Court will not allow the attorneys to be deposed at the present time. The Court is not precluding such depositions at a future time; Valencia's counsel, must, however, make the required showings before the Court will permit him to depose the opposing attorneys. Furthermore, the Court will extend the discovery deadline for the depositions that are subject to the motion to compel and the motions for protective orders until December 17, 2007. See Tr. at 24:25-25-5 (Court). Valencia's counsel will need to re-issue notices of deposition for all of the depositions that are rescheduled as a result of the Court's rulings. See Tr. at 42:8-11 (Court).

## II.     **THE 30(b)(6) DEPOSITION SHALL BE TAKEN IN DENVER, COLORADO.**

As a general rule, the deposition of a corporation through its agents and officers should be taken at the corporation's principal place of business. See Magnus Electronics v. Masco Corp. of Indiana, 871 F.2d at 630. As the Court indicated at the November 21, 2007 hearing, the principal

---

[2]The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

place of business in this case appears to be Denver, Colorado. See Tr. at 26:15-20 (Court). The parties do not present, and the Court does not see, any reason to deviate from the general rule in this case. Unless the parties agree otherwise, the 30(b)(6) deposition, therefore, should take place in Denver, Colorado.

## III.     SCHEDULING MATTERS.

Because of previous trial schedule changes, and with the consent of the parties, the Court will set the pretrial conference on January 8, 2008 at 11:00 a.m. See Tr. at 43:15-44:16 (Babich, Court & Sparks). Colorado Casualty will file the Pretrial Order with the Court by close of business on January 7, 2008, and Valencia will give his portion of the Pretrial Order to Colorado Casualty by the close of business on January 2, 2008. See Tr. at 44:16-20 (Court).

**IT IS ORDERED** that (i) Gayle McCanna's Motion for Protective Order and to Quash Subpoena Duces Tecum is granted in part and denied in part; (ii) Claudia Lanius' Motion for Protective Order and to Quash Subpoena Duces Tecum is granted in part and denied in part; (iii) Rebbecca MacIntyre's Motion for Protective Order and to Quash Subpoena Duces Tecum is granted in part and denied in part; (iv) Colorado Casualty Insurance Company's Motion for Protective Order and to Quash Subpoena Duces Tecum is granted in part and denied in part; (v) Wade Jackson's Motion for Protective Order and to Quash Subpoena Duces Tecum is granted; and (vi) Scott Lasater's Motion for Protective Order and to Quash Subpoena Duces Tecum is granted. The Court will vacate the depositions of McCanna, Lanius, MacIntyre and Colorado Casualty's representative, but will not quash the subpoenas duces tecum served on them. The Plaintiff's Combined Motion to Compel is denied. The Plaintiff may reset these depositions at times that are mutually convenient for all counsel. The Court vacates the depositions of Jackson and Lasater and quashes the subpoenas

duces tecum served on them; the Plaintiff must make the showing under <u>Boughton v. Cotter Corp.</u>, 65 F.3d 823 (10th Cir. 1995), <u>EEOC v. Roswell Radio, Inc.</u>, No. 06-0253, 2007 WL 2305521 (D.N.M., June 12, 2007), and <u>Archuleta v. City of Santa Fe</u>, No. 04-0247, 2005 WL 3662903 (D.N.M., Aug. 10, 2005), before deposing the attorneys. It is also ordered that the 30(b)(6) deposition in question must be taken in Denver, Colorado.

                                          _____
                                          UNITED STATES DISTRICT JUDGE

*Counsel:*

Michael R. Huffaker
Law Offices of Michael R. Huffaker, P.C.
Farmington, New Mexico

-- and --

William Babich
Law Firm of William Babich, LLC
Denver, Colorado

    *Attorneys for the Plaintiff*

Seth L. Sparks
Wade L. Jackson
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

    *Attorneys for the Defendant*